IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL B., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:21-cv-00234-CMR <br><br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (ECF 12), the parties' briefs (ECF 15, 19, 20), and arguments presented at a hearing held on April 28, 2022 (ECF 24), the undersigned concludes that the Commissioner's decision is supported by substantial evidence. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 15) and AFFIRMS the decision of the Commissioner.

## I. BACKGROUND

Plaintiff filed an application for disability insurance benefits (DIB) on September 10, 2018, alleging disability due to spinal stenosis, neuroendocrine tumor, anxiety disorder, depression, diabetes, vertigo, cancer (metastatic paraganglioma, neuropathy, tachycardia, and thyroid disorder

(Certified Administrative Transcript (Tr.) 74, 185, 208). After a hearing (Tr. 46–72), an administrative law judge (ALJ) issued a decision following the five-step sequential evaluation for assessing disability (Tr. 23–45). 20 C.F.R. § 404.1520(a)(4).[1]

The ALJ determined at step two that Plaintiff had severe impairments of diabetes mellitus, diabetic neuropathy, degenerative disc disease of the lumbar spine, obesity, chronic pain disorder, anxiety, and depression (Tr. 28). *See* 20 C.F.R. § 404.1521. The ALJ found that Plaintiff's alcohol use disorder, tachycardia, hypothyroidism, and obstructive sleep apnea were non-severe and that his paraganglioma was not a medically determinable impairment (Tr. 28-30). At step 3, The ALJ considered Plaintiff's degenerative disc disease under Listing 1.04 and neuropathy under Listing 11.14, and obesity as an aggravating factor, finding the criteria were not met (Tr. 30). The ALJ considered Plaintiff's mental impairments under Listings 12.04 and 12.06, finding a mild limitation in interacting with others and adapting or managing oneself, and moderate limitations in understanding, remembering, or applying information and concentrating, persisting or maintaining pace (Tr. 30-31)

The ALJ then found that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of "simple, unskilled" sedentary work with the following limitations: occasionally push and pull foot controls; occasionally climb stairs or ramps, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, and scaffolds; never be exposed to hazards such as unrestricted heights and dangerous moving machinery; and perform goal-oriented but not assembly line paced

---

[1] Citations to the Code of Federal Regulations are to the 2020 edition of 20 C.F.R. Part 404.

unskilled work (Tr. 32). The ALJ found at step four that, given this RFC, he was unable to perform any past relevant work (Tr. 38). At step five, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, including telephone quotation clerk, order clerk, and charge account clerk (Tr. 39–40). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 40).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II.     STANDARD OF REVIEW

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405 (g); *see also Biestek*, 139 S. Ct. at 1153. As the Supreme Court reiterated, the substantial evidence threshold "is not high" and defers to the presiding ALJ, "who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1154, 1157. Substantial evidence is, simply, "more than a mere scintilla" of evidence. *Id*. at 1149. It means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In reviewing the ALJ's decision, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

## III.     DISCUSSION

On appeal, Plaintiff alleges the ALJ erred as a matter of law by failing to find that he had an impairment that met the criteria of Listing 1.04A, and by failing to properly evaluate Marc

3

Steed, Ph.D.'s opinion regarding his mental impairments (ECF No. 15, Plaintiff's Brief (Pl. Br.) 11–22).  The court will address each of the alleged errors in turn.

### A. The ALJ Reasonably Found that Plaintiff's Impairments Did Not Meet All of the Criteria of Listing 1.04.

At step three of the sequential evaluation, the ALJ considers whether a claimant's impairments meet or medically equal any of the "Listings." 20 C.F.R. §§ 404.1520(4)(iii), 404.1520a, 404.1525–1526. The Listings are defined in the first appendix of the Social Security regulations. 20 C.F.R. Pt. 404, Subpt. P., App. 1 §§ 1.00 *et seq*. The Listings address medical conditions that are so debilitating that they warrant a finding of per se disability without further consideration of the claimant's RFC or the ability to perform past or other work. *See Sullivan v. Zebley*, 493 U.S. 521, 534 (1990). A claimant will only be found per se disabled if he carries his burden to show that an impairment, or combination of impairments, meets or equals *all* the requirements of a Listing. Social Security Ruling (SSR) 86-8, 1986 WL 68636, at *3; *see also* 20 C.F.R. §§ 404.1525, 404.1526(b)(2)-(3); *Zebley*, 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *see also Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007) (the claimant has the burden to point to specific medical findings that support each of the various requisite criteria for the impairment (citing 20 C.F.R. § 404.1525)). Moreover, the claimant must show that the medical criteria were met or equaled for a period of 12 continuous months. *See* 20 C.F.R. § 404.1509; *see also* SSR 86-8, 1986 WL 68636, at *3 ("Thus, when such an individual's impairment or combination of impairments

4

meets or equals the level of severity described in the Listing, and also meets the duration requirement, disability will be found[.]").

Unless a listing specifies that a claimant's subjective symptom statements can satisfy certain criteria—which is not the case here, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B(2)(d)— the Plaintiff bears the burden of producing objective medical evidence that shows that he met each of a Listing's criteria. 20 C.F.R. § 404.1529(d)(3) ("[W]e will not substitute your allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of your impairment(s) to that of a listed impairment"); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00D (physical findings must be based on "objective observation during the examination and not simply a report of the individual's allegation"). In other words, Plaintiff's allegations alone cannot establish that he met the requisite Listing criteria. *See Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988) (medical findings include symptoms, signs, and laboratory findings; however, a claimant's description of his impairments is insufficient to show he met a Listing).

Despite Plaintiff's arguments to the contrary, the ALJ's step three findings are supported by the record evidence and otherwise sufficiently satisfy the legal requirements for assessing whether an impairment meets or medically equals a Listing. Plaintiff argues that he met all of the criteria of Listing 1.04A[2] (Pl. Br. at 11–15). Plaintiff's argument fails because he has not demonstrated that he met all the specified medical criteria.

---

[2] To the extent Plaintiff argues he met Listing 1.04B, his argument is also without merit because there is no evidence of spinal arachnoiditis in the record. To the extent he argues he met Listing 1.04C, he has not demonstrated evidence of an inability to ambulate effectively.

Listing 1.04A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A; *see also Duncan v. Colvin*, 608 Fed. App'x. 566, 575 (10th Cir. 2015) (discussing the criteria of Listing 1.04). Plaintiff points only to one mention of a positive straight leg raise test in September 2019 (Pl. Br. at 5, 14). This is insufficient to meet all the criteria of Listing 1.04A. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00; *see also Davison v. Colvin*, 596 F. App'x 675, 678 (10th Cir. 2014) (rejecting the claimant's argument that a listing could be met by symptoms that were intermittently at Listing-level severity: "[T]o qualify as meeting the requirements of a listing, a claimant must establish that his impairment meets the twelve-month duration requirement."); *Andrea L. v. Saul*, 2:19-CV-000009-CMR, 2020 WL 1492730, at *2, n.1 (D. Utah Mar. 27, 2020) (rejecting Plaintiff's argument that she was not required to meet Listing 1.04A for a continuous period of twelve months, citing 20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.00). Indeed, there is evidence of a normal straight leg raise test in September 2019 after Plaintiff had an epidural steroid injection (Tr. 531). *See* SSR 96-5p, 1996 WL 374183, at *3 ("In most instances, the requirements of listed impairments are objective, and whether an individual's impairment manifests these requirements is simply a matter of documentation.").[3]

---

[3] Plaintiff's reliance on *Ryan S. v. Saul*, No. 2:19-CV-00162-CMR, 2020 WL 1492720, at *2–3 (D. Utah Mar. 27, 2020) is misplaced. In *Ryan S.*, at step three, the ALJ incorrectly stated that the record did not contain evidence of nerve root compromise, and then later in the decision cited to evidence showing nerve root compromise. 2020 WL 1492720 at *2–3. Here, the ALJ correctly discussed that imaging did not indicate nerve root impingement (Tr. 30, 34).

6

Plaintiff concedes that the ALJ discussed Plaintiff's lumbar spine imaging (Tr. 34) but contends that the ALJ erred by not including his discussion of the relevant evidence in the same section in which he discussed the Listings (Pl. Br. at 13). However, an ALJ's findings elsewhere in the decision may provide substantial evidence for upholding a step three conclusion that the claimant did not meet the criteria of Listing 1.04. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment"). Thus, any error was harmless.

Plaintiff also points to a November 2017 study showing radiculopathies and a single September 2019 treatment note showing decreased sensation and decreased reflexes (Pl. Br. at 14–15). Again, he does not show that he had continued radiculopathy, sensation, or reflex limitations. Without this evidence, Plaintiff cannot show that he met all of the requirements of Listing 1.04A. *Andrea L.*, 2020 WL 1492730, at *2 (finding harmless error when, although the ALJ did not discuss the specific elements of Listing 1.04A at step three, the ALJ considered Plaintiff's back disorder under all subsections of Listing 1.04 and, in other sections of the decision, considered her neck impairment).

Plaintiff further argues that the ALJ's articulation at step three was inadequate because he provided only a boilerplate analysis (Pl. Br. at 12–13). The court disagrees. The ALJ explicitly discussed Listing 1.04 and its factors at step three (Tr. 30). Nothing more was required. *Cf. Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (remanding when ALJ merely stated a summary

7

conclusion that appellant's impairments did not meet or equal any Listed impairment, but he did not identify any relevant Listing(s)).

In sum, the evidence Plaintiff points to does not show that he met each of the Listing 1.04A criteria for at least 12 consecutive months during the relevant period, i.e., the period beginning in September 2018. Because Plaintiff has not shown that he met the "A" subsection's criteria of a limitation on range of motion for at least 12 consecutive months, he has not shown that he met Listing 1.04, and his argument fails. *See* 20 C.F.R. § 404.1525(c)(3) (12 continuous month duration requirement); *see also Davison*, 596 F. App'x at 678.

### B. The ALJ Supported His Analysis of Dr. Steed's Opinion with Substantial Evidence.

As part of the ALJ's evaluation of Plaintiff's RFC, he considered the medical opinions and prior administrative medical findings contained in the record (Tr. 32–38). Plaintiff challenges the ALJ's assessment of an opinion authored by Dr. Steed, but as discussed below, he is unable to show that the ALJ erred in his evaluation.

Because Plaintiff applied for benefits on or after March 27, 2017 (Tr. 196–97), the ALJ applied a new set of regulations for evaluating medical evidence that differs substantially from prior regulations.[4] Under the new rules, the ALJ will explain how he considered the factors of

---

[4] *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)).

8

supportability[5] and consistency,[6] which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ must explain in his decision how persuasive he finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.*

In March 2019, Dr. Steed opined, among other things, that Plaintiff could understand and learn terms, instructions, and procedures; follow one- and two-step oral instructions to carry out a task; describe work activity to someone else; ask and answer questions and provide answers; recognize a mistake and correct it; identify and solve problems; and sequence multi-step activities (Tr. 391). Dr. Steed further opined that Plaintiff could focus attention on work activities but would struggle to do so "at a sustained rate" (*id.*). He would have "difficulty" working a full day without needing more than the allotted number or length of rest periods during the day (*id.*).

The ALJ found this opinion partially persuasive (Tr. 36–37). He explained that Dr. Steed's opinion that Plaintiff needed "more than the allotted number" of breaks was not supported with explanation or rationale and was internally inconsistent (Tr. 37). 20 C.F.R. § 404.1520c(c)(1). Dr. Steed did not provide any explanation as to why Plaintiff would need additional breaks, and his opinion was not supported by his examination (Tr. 37; *see* Tr. 388–92). At the consultative

---

[5] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

[6] "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

examination, Plaintiff had no difficulty with attention during the MoCA[7] testing, willingly participated in the interview process, and had appropriate eye contact and normal expressive and receptive language (Tr. 388–89).[8] Dr. Steed's opinion was inconsistent with the benign mental status examinations throughout the record that showed Plaintiff had normal attention and concentration (Tr. 36-37; see Tr. 409, 461, 472, 501-02, 509, 530–31, 638, 644, 652, 657, 682, 691, 695, 927, 944). The opinion was also inconsistent with Plaintiff's reports of his social functioning both in his function reports and at the hearing (Tr. 37; see Tr. 228, 230–32). See 20 C.F.R. § 404.1520c(c)(1). Finally, the ALJ found the opinion less persuasive because it was not consistent with the opinions of the state agency physicians who reviewed Plaintiff's records and concluded that Plaintiff could perform unskilled work (Tr. 37–38; see Tr. 84, 98–99). Id. at §§ 404.1520c(c)(2) (consistency), 404.1513a(b)(1) ("[O]ur Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation").

Plaintiff criticizes the ALJ's findings and contends that he relied solely on instances of stable mood and good eye contact, which would not "contradict that Plaintiff struggled with depression and anxiety and chronic pain that made it hard for him to concentrate or interact with others for extended periods of time" (Pl. Br. at 17). The ALJ did not solely rely on instances of stable mood and good eye contact. Rather, as detailed above, the ALJ assessed Dr. Steed's findings, treatment notes indicating normal mental status examinations, and Plaintiff's own self

---

[7] Montreal Cognitive Assessment
[8] Plaintiff scored a 28 out of 30 on the MoCA test which demonstrates that he had normal cognitive ability (Tr. 388).

reports (Tr. 32–38). Plaintiff also argues that the underlying evidence could have supported a different conclusion. That is not, however, a proper basis for remand. *See Lax*, 489 F.3d at 1084 (noting that the court may not "displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo" (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The court declines Plaintiff's invitation to reweigh the evidence. *Hendron*, 767 F.3d at 954.

## IV.  CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED, and Plaintiff's Motion for Review of Agency Action (ECF 15) is DENIED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 26 August 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah